IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY DAVIS                                                                                    PLAINTIFF

vs.                                                                   CIVIL ACTION NO. 4:07cv118-JCS

DALE CASKEY and
UNKNOWN GRAHAM                                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate housed at the East Mississippi Correctional Facility (EMCF), brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Dale Caskey, the Warden of EMCF, threatened him and tried to kill him. The parties have consented to jurisdiction by the undersigned. Presently before the court is Defendant Caskey's motion for summary judgment.[1] Plaintiff has not responded to the motion. Having considered the motion and the evidence of record, the court concludes that the motion should be granted. Additionally, because Plaintiff has failed to state a claim against Defendant Unknown Graham, any and all claims alleged against this Defendant will be dismissed.

Plaintiff stated in his verified complaint that on August 20, 2007, Warden Caskey threatened to kill him if he filed any further lawsuits against EMCF. The complaint also referenced an alleged assault by a prison official, Sargent Ruffin, on this same day.

---

[1]Defendant Caskey filed his motion for summary judgment at 0:35 a.m. on January 31, 2009. The motion deadline expired on January 30, 2009. Defendant Caskey has filed, along with his motion for summary judgment, a motion requesting that the motion for summary judgment be considered even though it was filed late. Plaintiff has raised no objection to the motion. Thus, the motion for consideration of the summary judgment motion, notwithstanding the late filing, is hereby granted.

Plaintiff's testimony at the *Spears*[2] hearing indicated that Plaintiff believes the assault was somehow caused or encouraged by Defendant Caskey.

As Defendant Caskey points out in support of his motion, Plaintiff's allegations of threats fail to raise a constitutional issue. *See Robertson v. City of Plano, Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (verbal threats and harassment not actionable under § 1983). Furthermore, Defendant Caskey specifically states in his affidavit in support of the motion that he has never threatened Plaintiff or tried to harm him in any way. The affidavit of Sandra Atwood, the prison's health services administrator, also establishes that Plaintiff's medical records contain no indication that Plaintiff has ever suffered any physical injury as a result of an incident involving an EMCF staff member. Plaintiff has failed to come forward with any evidence to the contrary. Accordingly, the court concludes that Defendant Caskey is entitled to judgment as a matter of law. Furthermore, the court finds that Plaintiff has failed to allege any constitutional violation by the remaining defendant, Unknown Graham.[3]

For the reasons stated herein, Defendant Caskey's motion is hereby granted, and the claims against him are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1917(e)(2)(B)(i). All claims against Defendant Graham are likewise dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1917(e)(2)(B)(i). A separate judgment will be entered.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] This defendant has never been served with process.

So ordered and adjudged, this the 22nd day of May, 2009.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE